UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2\12\19

UNITED STATES OF AMERICA            :

**SEALED INDICTMENT**

            - v. -                  :

S2 19 Cr. 91

OSVALDO LONDONO-VANEGAS,            :

                                    :
            Defendant.

                                    :
- - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.  From at least in or about June 2017, up to and
including the date of the filing of this Indictment, in Bolivia
and elsewhere, and in an offense begun and committed out of the
jurisdiction of any particular State or district, OSVALDO
LONDONO-VANEGAS, the defendant, who will be first brought to and
arrested in the Southern District of New York, and others known
and unknown, intentionally and knowingly combined, conspired,
confederated, and agreed together and with each other to violate
the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy
that OSVALDO LONDONO-VANEGAS, the defendant, and others known
and unknown, would and did manufacture, possess with intent to
distribute, and distribute a controlled substance, intending,
knowing, and having reasonable cause to believe that such

substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

3. The controlled substance that OSVALDO LONDONO-VANEGAS, the defendant, conspired to manufacture, possess with intent to distribute, and distribute, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

(Title 21, United States Code, Sections 812, 959(a), 959(d), 960(a)(3), and 963(b)(1)(B)(ii); Title 18, United States Code, Section 3238.)

## COUNT TWO

The Grand Jury further charges:

4. From at least in or about June 2017, up to and including the date of the filing of this Indictment, in Bolivia, the Southern District of New York, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OSVALDO LONDONO-VANEGAS, the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit a money

2

laundering offense in violation of Title 18, United States Code, Section 1956.

5.    It was a part and an object of the conspiracy that OSVALDO LONDONO-VANEGAS, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity -- to wit, (a) the conspiracy to manufacture, possess with intent to distribute, and distribute cocaine intending and knowing that such substance would be unlawfully imported into the United States, charged in Count One of this Indictment, and (b) offenses against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance -- in violation of Title 18, United States Code, Section 1956(a)(2)(A).

    (Title 18, United States Code, Sections 1956(h), 1956(i), and 3238.)

3

## **COUNT THREE**

The Grand Jury further charges:

6.     In or about September 2018, in Bolivia and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OSVALDO LONDONO-VANEGAS, the defendant, who will be first brought to and arrested in the Southern District of New York, intentionally and knowingly manufactured, possessed with intent to distribute, and distributed a controlled substance, that is, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, and aided and abetted the same, intending, knowing, and having reasonable cause to believe that such substance would be imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof.

(Title 21, United States Code, Sections 812, 959(a), 959(d), 960(a)(3), and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3238.)

### FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE

7.     As a result of committing the controlled substance offense alleged in Count One of this Indictment, OSVALDO LONDONO-VANEGAS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds obtained directly or indirectly as a

4

result of said offense and any and all property used or intended
to be used in any manner or part to commit or to facilitate the
commission of said offense that the defendant personally
obtained.

8.      As a result of committing the controlled
substance offense alleged in Count Three of this Indictment,
OSVALDO LONDONO-VANEGAS, the defendant, shall forfeit to the
United States, pursuant to Title 21, United States Code,
Sections 853 and 970, any and all property constituting or
derived from any proceeds obtained directly or indirectly as a
result of said offense and any and all property used or intended
to be used in any manner or part to commit or to facilitate the
commission of said offense that the defendant personally
obtained.

## FORFEITURE ALLEGATION AS TO COUNT TWO

9.      As a result of committing the offense alleged in
Count Two of this Indictment, OSVALDO LONDONO-VANEGAS, the
defendant, shall forfeit to the United States, pursuant to Title
18, United States Code, Section 982(a)(1), any and all property,
real and personal, involved in said offense, or any property
traceable to such property, including but not limited to a sum
of money in United States currency representing the amount of
property involved in said offense.

## Substitute Assets Provision

10. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

>    a.  cannot be located upon the exercise of due diligence;
>
>    b.  has been transferred or sold to, or deposited with, a third person;
>
>    c.  has been placed beyond the jurisdiction of the Court;
>
>    d.  has been substantially diminished in value; or
>
>    e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Sections 853 and 970; and
Title 28, United States Code, Section 2461.)

FOREPERSON

Geoffrey S. Berman

GEOFFREY S. BERMAN
United States Attorney

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**OSVALDO LONDONO-VANEGAS,**

**Defendant.**

### SEALED INDICTMENT

S2 19 Cr.

(21 U.S.C. §§ 959, 960, and 963; and
18 U.S.C. §§ 1956, 2, and 3238.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

Foreperson.

2/12/19

Filed Superseding Indictment under seal
Arrest Warrant issued

USMJ FOX